[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE OF DEFENDANT, AVON OLD FARMS INN, INC.
This is an unusual case in which counsel have stated that they have been unable to find any Connecticut law exactly on point.
The facts of this case are tragic. The plaintiffs' decedents, Thomas W. and Judith A. Carrigan, had checked into the Avon Old Farms Hotel (hereinafter "Hotel") and had reservations at the Avon Old Farms Inn Restaurant (hereinafter "Inn") for a retirement party to be held at the Inn on or about January 16, 1998. The Hotel and the Inn are owned by separate corporations, the Hotel by Jackson, Inc. and the Inn by Avon Old Farms Inn, Inc. The Hotel and the Inn are located directly across from CT Page 15911 each other on Route 44 in Avon, the Inn being on the northerly side and the Hotel being on the southerly side. They are located just easterly of the intersection of Route 44 and Route 10 in Avon. There was a crosswalk at the traffic light at that intersection. However, the driveway from the Hotel and an entrance to the Inn are directly opposite each other, and according to the plaintiff, this juxtaposition of the driveway and the entrance invited and encouraged pedestrians, including patrons of the Hotel, to cross Route 44 from the driveway to the Inn. On the evening in question, the plaintiffs' decedents (hereinafter the "Carrigans") started to cross on foot Route 44 from the Hotel driveway directly across Route 44 to an entrance to the Inn when they were struck and killed by the driver of a pickup truck heading westerly on Route 44.[1] Route 44 is an east-west highway, coming from West Hartford over Avon mountain in a westerly direction the point of impact being at the bottom of the mountain just prior to the aforementioned intersection.
Defendant, Inn, has moved to strike the second count of the complaint which is directed at it on the claim that the Inn owed no duty to the Carrigans, in particular no duty to warn them of the danger of crossing the highway where they did. A hearing was held on the Motion to Strike on November 19 and 20, 2001. Briefs were filed, a Reply Brief was filed and a Sur-Reply Brief was filed.
Based upon the briefs and arguments of the parties, this Court concludes that the central issue on this Motion to Strike is whether or not the Carrigans were business invitees of the defendant Inn. The Restatement (Second), 2 Torts Section 332 defines a business invitee as ". . . a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." Corcoran v. Jacovino, 161 Conn. 462, 465 (1971). Based upon the allegations in Paragraph 13 of the Second Count, "The Plaintiffs' decedents had reservations at Avon Old Farms Inn Restaurant for a retirement party on or about January 16, 1998", this Court finds that the plaintiffs were business invitees of the defendant, Inn. Defendant Inn contends that at the point of impact on Route 44 the plaintiffs' decedents were not yet business invitees because they had not yet entered upon the land of the Inn. The Court is not persuaded. InFleming v. Garnett, 231 Conn. 77, 83-84 (1994) the court stated: "In substance, the trial court charged that a possessor of land has a duty to conduct its business operations in a manner that does not create an unreasonable risk of physical harm to those outside of the premises;
(citations omitted) and that this duty may include the duty to warninvitees of conditions that pose reasonably foreseeable dangers to thepublic." (Emphasis added). The Supreme Court upheld the charge.
Accordingly, the Court concludes that the plaintiffs' decedents, as CT Page 15912 business invitees, were owed a duty by the Inn to warn them of the danger of crossing the highway where they did. The plaintiffs have stated a claim for which relief may be granted.
The Motion to Strike is DENIED.